IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL PITTMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA GENERAL ASSEMBLY, et al.: | | NO. 14-7022 |

FILED
DEC 22 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**M E M O R A N D U M**

SLOMSKY, J.                                    DECEMBER 22nd, 2014

      Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit in which he is alleging that certain provisions of Pennsylvania's Post Conviction Relief Act ("PCRA") 42 Pa.C.S.A. § 9541, et seq., violate his constitutional rights. In addition to money damages, plaintiff is requesting declaratory and injunctive relief.

      For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      In order to bring an action under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that plaintiff's constitutional rights have been violated by the enactment and enforcement of the provisions of the PCRA.

      Plaintiff alleges that the Pennsylvania Legislature did not have the authority to enact 42 Pa.C.S.A. § 9543(a)(2)(viii), which deals with eligibility for relief under the PCRA, and 42 Pa.C.S.A. §§ 9545 (b)(1) and (2), which set time limits to file PCRA actions. However, the United States Supreme Court has said

the states are, "free to impose procedural bars to restrict repeated returns to state court for post-conviction proceedings." Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Plaintiff filed four (4) petitions for relief under the PCRA which were dismissed as jurisdictionally barred pursuant to 42 Pa.C.S.A. § 9545(b)(1). The one-year limitations period which precludes the consideration of untimely PCRA petitions is a jurisdictional rule. See Commonwealth v. Peterkin, 554 Pa. 547 (1988); Whitney v. Horn, 280 F.3d 240, 251 (3d. Cir. 2002).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.